PER CURIAM.
Mrs. Farinas walked into a low table connected to the end of a couch in the lobby of South Shore Hospital. According to the appellants, the table was next to the lobby door and obstructed the exit path from the lobby. Appellants claim that because of its location and unique design, the table was difficult to see from the direction Mrs. Farinas was exiting and, as a result, was a dangerous obstruction to the lobby exit. Appellants filed suit against South Shore Hospital alleging that Mrs. Farinas was severely and permanently injured as a direct result of the hospital’s negligence in placing a table in its lobby that obstructed the exit. South Shore Hospital moved for summary judgment. Appellants filed affidavits in opposition to the motion. After a hearing on the motion, the trial court concluded that the placement of the table was not significant and found that no hazard existed.
*1279 The appellants contend, however, that because of the unique construction of the couch in question, specifically including the configuration of the attached end table, the question of whether the placement of the couch near the exit posed a hazard could only be resolved by a jury. We agree.
Accordingly, noting that the record reflects the existence of a disputed issue of material fact, we reverse and remand for further proceedings consistent herewith. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.
LEVY and SORONDO, JJ., concur.